26 C.C.P.A.(Patents)

## In re KERN.

Patent Appeal No. 4044.

Court of Customs and Patent Appeals.

Dec. 19, 1938.

E. F. Wenderoth, of Washington, D. C. (John E. Lind, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Primary .Examiner of the United States Patent Office rejected all the claims of appellant's application for a patent re-

248

lating to a process of treating a resin. The Board of Appeals affirmed the decision of the Examiner rejecting said claims and the applicant has appealed here.

The rejected claims on appeal here number 43 to 54, inclusive, of which claims 43 and 51 are illustrative and follow:

"43. The process of homogenizing a resin comprising adding to said resin a softening agent which will reduce the melting point of said resin then adding thereto an aqueous solution of an emulsifier and emulsifying in said solution and then homogenizing said product under pressure.

"51. A homogenized aqueous emulsion of resin having incorporated therewith an emulsifier and a softening agent which will reduce the melting point of said resin."

The references cited are as follows: Dunham, 1,449,976, Mar. 27, 1923; Plauson, 1,706,590, Mar. 26, 1929; Kirschbraun, 1,733,497, Oct. 29, 1929; Kirschbraun, 1,781,645, Nov. 11, 1930; Lloyd, 1,833,612, Nov. 24, 1931.

Appellant's application relates to a process for homogenizing an emulsion or suspension of a resin and the product of such process. In making the resin or other material, such as tar, asphalt, or bitumen, homogeneous, appellant's process comprises placing the material in a homogenizing machine. Such machines are old in the art, and perform the function of mixing the material so as to make all parts of it homogeneous. He operates the homogenizing machine after the material has been softened by the addition of media such as soft waxes, oil of turpentine of high boiling point, alcohols of high boiling point, esters, fatty oils, bile acids, waxes of low melting point, paraffins, mineral oils and tar oils. Appellant states that in the art the problem has been to render resins homogeneous in the presence of water; that he has discovered that if one will soften the material to be homogenized as suggested, the material will remain soft; that he obtains resin dispersions which are "insensible to acids and substances which render the water hard"; and that the substances obtained by his improved process may be used for "sizing, for rendering bodies water-proof or otherwise impregnating the same, for cold saponification of resin, as painting matter and lacquer."

Appellant's application as finally rejected by the Examiner consisted of claims numbered 31 to 42, inclusive. After appeal to the Board, appellant submitted additional claims which are the ones now on appeal here, together with an affidavit explaining the merits of the process. The case was then remanded to the Primary Examiner who, in a supplemental statement, rejected the new claims upon the ground that they were for the same subject matter as the ones they replaced except that it was stated that they were in better form. The Board then handed down its decision affirming the rejection of the Examiner as to the appealed claims.

The Examiner fully set out what the references showed and stated that claims 31 to 38 (corresponding to renumbered claims 43 to 50) were rejected on Kirschbraun No. 1,733,497, which discloses the production of an asphalt emulsion by first treating the asphalt with a fluxing oil to soften the same and then emulsifying this treated asphalt. The emulsion formed is then subjected to a beating or whipping treatment. The Examiner stated that he considered the beating and whipping action to which the emulsion was subjected as being the equivalent of the homogenizing action to which applicant's emulsion is subjected.

He further stated that the process and product claims were additionally rejected as lacking invention over Kirschbraun, No. 1,733,497, in view of the patent to Dunham. Dunham shows the use of a homogenizing machine. Dunham's process was for the production of a fine and relatively stable emulsion which includes fatty oils used in industry. He states: "The oil in question is emulsified in a suitable liquid, for example an albuminous liquid such as casein dissolved in alkali. The oils may be used alone or in mixtures with other oils (drying or not drying), waxes, greases, pigments or dyes or other filling or conditioning agents. The resulting mixture is then homogenized, for example by being passed one or more times through a suitable homogenizer under a pressure from 3000 to 10,000 pounds per square inch, * * *."

It seems that neither the Examiner in his statement nor the Board in its decision has referred specifically to the second cited Kirschbraun patent. However, in one of the letters of the Examiner it is refer-

red to for the purpose of showing that it is old in the art to flux a thermoplastic material before emulsifying the same in a high speed disintegrator.

The claims were also rejected by the Examiner as lacking invention over the process carried out in the patent to Lloyd. In Lloyd the asphalt emulsion in which the asphalt has been softened by hydrocarbon solvents is passed through a grinding mill. The Examiner took the position that no invention would be involved in using a homogenizing machine, which was old in the art, instead of the grinding mill.

The affidavits attempt to show that there is a distinction between the operation of and the results flowing from the use of a colloidal mill, and that of a homogenizing machine. The Examiner recognized the differences in the two processes but stated that in view of the prior art it would not involve invention to use the homogenizing machine instead of the grinding mill. The affidavits attempted to show further that the action of a homogenizing machine would not be successful unless the asphalt, wax, and the like were softened with a fatty oil, turpentine oil, etc. The Examiner stated that it was old in the art as was shown by the cited patents to use a softening agent where emulsions were being prepared. He stated that the softening agents used in the patents were considered to be equivalents of the group of specific softening agents which are defined in the claims on appeal and referred to in the specification.

The Board of Appeals in affirming the action of the Examiner briefly discussed some of the references. It stated: "On careful consideration, it is our view that invention is not involved in applying the step of homogenizing as disclosed by Dunham applied to one emulsion, to any of the conventional emulsions such as that shown by Kirschbraun. While these two features of specifically softening a resin and homogenizing are not specifically shown as associated in one citation, it is our view that it would be obvious to apply a homogenizing step to any emulsion or at least to try to do so, and since Kirschbraun's emulsion has the resinous material dissolved or softened by solvent, all of the alleged advantages of applicant's treatment would apply. We have considered the showing in the affidavits of record without reaching a different conclusion. The remaining citations are regarded as cumulative to the above ground of rejection."

We agree with the decision of the Board that appellant's application discloses nothing inventive over the prior art cited. What appellant has done would seem to be the obvious thing to do in view of the patent disclosures of record.

The decision of the Board of Appeals is affirmed.

Affirmed.